**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:18-cv-60412

BROWARD PSYCHOLOGY P.A.,
individually and on behalf of all
others similarly situated,        **CLASS ACTION**

    Plaintiff,        **JURY TRIAL DEMANDED**

v.

JTH TAX, INC.
d/b/a LIBERTY TAX SERVICE,
a Delaware corporation,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Broward Psychology P.A. brings this class action against Defendant JTH Tax, Inc. d/b/a Liberty Tax Service, and alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its counsel.

**NATURE OF THE ACTION**

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), arising from Liberty Tax's knowing and willful transmission of fax advertisements without recipients' consent.

2. Liberty Tax is a company that provides tax preparation services nationwide, including through its network of franchisees.

3. To boost its profits, Liberty Tax engages in unsolicited fax marketing, with no regard for the expense to recipients or recipients' other rights.

4. This case arises from the transmission of fax advertisements to Plaintiff's and

other's fax machines promoting Liberty Tax's tax preparation services.

5. Through this action, Plaintiff seeks injunctive relief to halt Liberty Tax's illegal conduct which has resulted in Plaintiff's and the Class's loss of money, loss of time, invasion of privacy, aggravation, intrusion on seclusion, loss of toner, loss of paper, and loss of use of their fax machines. Plaintiff also seeks statutory damages of between $500 and $1,500 per violation on behalf of itself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges a violation of a federal statute for which there is federal question jurisdiction.

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Liberty Tax is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Liberty Tax provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Liberty Tax's tortious conduct against Plaintiff occurred within this district and, on information and belief, Liberty Tax has sent the same fax advertisement complained of by Plaintiff to others within this judicial district, subjecting Liberty Tax to jurisdiction here.

## PARTIES

8. Plaintiff Broward Psychology P.A. is a Florida professional association with its principal place of business in Hollywood, Florida.

9. Defendant JTH Tax, Inc. d/b/a Liberty Tax Service is a Delaware corporation with its principal place of business located at 1716 Corporate Landing Parkway, Virginia Beach, VA 23454. Liberty Tax directs, markets, and provides its tax preparation services throughout the State of Florida.

## THE TCPA

10. More than twenty five years ago, in response to countless complaints from American consumers and businesses about the cost, disruption, and nuisance imposed by unsolicited fax advertisements, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227.

11. The TCPA prohibits any person or business from using a fax machine, computer, or other device to send an unsolicited advertisement to a fax machine. 47 U.S.C. § 227(b)(1)(C).

12. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person with that person's prior express invitation or permission, in writing or otherwise."

**13.** The TCPA provides for statutory damages of no less between $500 and $1,500 per violative fax.

## FACTS

14. On March 10, 2014, Liberty Tax, using a fax machine, computer, or other device, sent a fax to Plaintiff's fax machine:



15. The fax constitutes an "unsolicited advertisement" because it advertises the

3

commercial availability of Liberty Tax's tax preparation services.

16. On information and belief, the fax was prepared by Liberty Tax as a means of advertising Liberty Tax's services nationwide. In fact, franchisees throughout the United States used the identical fax advertisement, which identified Liberty Tax's toll-free number and website, to advertise Liberty Tax's tax preparation services. This is to be expected, because as the 2017 Form 10-K for the company that owns Liberty Tax explains, one of the key aspects of Liberty Tax's franchisee support is "the marketing plan" and "marketing and advertising programs" it provides its franchisees. Therefore, Liberty Tax is either directly or vicariously liable for transmission of the unsolicited Liberty Tax fax advertisement.

17. Plaintiff is the owner of the fax machine at which Liberty Tax's unsolicited fax advertisement was received.

18. Liberty Tax's fax advertisement caused Plaintiff actual harm, including the monetary costs associated with receiving faxes, invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Liberty Tax's fax advertisement also inconvenienced Plaintiff, and wasted its time.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of itself and a Class of all others similarly situated defined as follows:

> **All persons and businesses within the United States who, within the four years prior to the filing of this Complaint, were sent an unsolicited advertisement to their fax machine by Liberty Tax, or anyone on Liberty Tax's behalf.**

20. Liberty Tax and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several

thousands, if not more.

**NUMEROSITY**

21.     Upon information and belief, Liberty Tax faxed advertisements to fax machines belonging to thousands of businesses and consumers throughout the United States without their prior express invitation or permission. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Liberty Tax's fax records.

**COMMON QUESTIONS OF LAW AND FACT**

23.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Liberty Tax sent fax advertisements to Plaintiff's and Class members' fax machines;

   b. Whether Liberty Tax can meet its burden of showing that it obtained prior express invitation or permission to send fax advertisements;

   c. Whether Liberty Tax's conduct was knowing and willful;

   d. Whether Liberty Tax is liable for damages, and the amount of such damages; and

   e. Whether Liberty Tax should be enjoined from such conduct in the future.

24.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Liberty Tax faxed advertisements without the recipients' prior express invitation or permission is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

25.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

26.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Liberty Tax's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Additionally, the prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Liberty Tax.

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(C)

28.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

29.     It is a violation of the TCPA to use a fax machine, computer, or other device to send an unsolicited advertisement to a fax machine.

6

30. Liberty Tax – or third parties directed by Liberty Tax – used a fax machine, computer, or other device to send unsolicited fax advertisements to Plaintiff and other members of the Class.

31. These faxes were sent without regard to whether Liberty Tax had first obtained express invitation or permission from the recipients to send such faxes. In fact, Liberty Tax did not have prior express invitation or permission from Plaintiff or other members of the putative Class when its faxes were transmitted.

32. Liberty Tax has, therefore, violated § 227(b)(1)(C) of the TCPA. In fact, Liberty Tax knew or should have known that its conduct as alleged herein violated the TCPA, because Liberty Tax knew that it did not have prior express invitation or permission to send fax advertisements to Plaintiff and the Class.

33. As a result of Liberty Tax's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation. Plaintiff and the class are also entitled to an injunction against future fax advertisements.

**WHEREFORE**, Plaintiff Broward Psychology P.A., on behalf of itself and the other members of the Class, prays for the following relief:

    a. A declaration that Liberty Tax's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

    b. A declaration that Liberty Tax's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

    c. An injunction prohibiting Liberty Tax from transmitting fax advertisements without the prior express invitation or permission of the recipient;

    d. An award of statutory damages or trebled statutory damages; and

    e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Liberty Tax take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communication or transmittal of the fax advertisements as alleged herein, including but not limited to those maintained by any franchisees or other companies that transmitted the fax advertisements on Liberty Tax's behalf.

Dated: February 26, 2018

        Respectfully submitted,

        */s/ Avi R. Kaufman*
        Avi R. Kaufman (Florida Bar No. 84382)
        KAUFMAN P.A.
        400 NW 26TH Street
        Miami, Florida 33127
        Tel: (305) 469-5881
        Email: kaufman@kaufmanpa.com

        *Counsel for Plaintiff Broward Psychology P.A.*