UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-60412-GAYLES

BROWARD PSYCHOLOGY, P.A.,
Individually and on behalf of all others
similarly situated

    Plaintiff,

v.

JTH TAX, INC., d/b/a LIBERTY TAX
SERVICE, a Delaware Corporation,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant JTH Tax, Inc. d/b/a Liberty Tax Services' ("Defendant") Motion to Dismiss Class Action Complaint (the "Motion") [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

Broward Psychology P.A. ("Plaintiff") brings this putative class action complaint against Defendant pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On March 10, 2014, Defendant sent an unsolicited fax to Plaintiff's place of business. Plaintiff claims that the fax constitutes an 'unsolicited advertisement' under the TCPA because it advertises the commercial availability of Defendant's tax preparation services. Plaintiff alleges that Defendant caused Plaintiff actual harm, including the monetary costs associated with receiving faxes, invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Plaintiff brings this case on behalf of itself and a putative class defined as follows: "All persons and businesses within the United States who, within the four years prior to the filing of this Complaint,

were sent an unsolicited advertisement to their fax machine by Liberty Tax, or anyone on Liberty Tax's behalf." [ECF No. 1 at ¶ 19]. In support of its class claims, Plaintiff alleges that Defendant's franchisees have disseminated identical fax advertisements to business and individuals throughout the United States. Defendant has moved to dismiss the complaint arguing that Plaintiff has no standing to bring a TCPA claim and that Plaintiff fails to adequately allege a class claim.

## II. ANALYSIS

### A. Standing

"The Constitution limits the jurisdiction of the federal courts to actual cases or controversies." *Florence Endocrine Clinic, PLLC v. Arriva Med., LLC*, 858 F.3d 1362, 1365 (11th Cir. 2017) (citing U.S. Const. art. III, § 2). To establish Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61 (1992)). To demonstrate an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

Defendant argues that Plaintiff, by alleging only a bare statutory violation of the TCPA and not a concrete and particularized injury, lacks Article III standing post-*Spokeo*. "'[W]here a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights.'" *Florence Endocrine Clinic*, 858 F.3d at 1366 (quoting *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015)). The Eleventh Circuit, pre- and post-*Spokeo,* has held that the TCPA "creates

2

such a cognizable right." *Id*. (citing *Palm Beach* 781 F.3d at 1251). Nevertheless, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo,* 136 S. Ct. at 1549. In *Florence Endocrine Clinic,* the Eleventh Circuit affirmed the district court's ruling that the plaintiff had suffered a concrete injury based on the receipt of an unsolicited fax because the plaintiff's fax machine was occupied while the fax was being sent and because the plaintiff had to incur the cost of printing the unsolicited fax. *Florence Endocrine Clinic*, 858 F.3d at 1366; *see also Palm Beach Golf*, 781 F.3d at 1252 (holding that the plaintiff established that it suffered a concrete injury where its fax machine was occupied and rendered unavailable for legitimate business purposes while processing the unsolicited fax).

Plaintiff clearly alleges that it and the putative class members have suffered "loss of money, loss of time, invasion of privacy, aggravation, intrusion on seclusion, loss of toner, loss of paper, and the loss of use of their fax machines" as a result of receiving the unsolicited faxes. [ECF No. 1, ¶¶ 5, 18]. Similar allegations referencing the monetary costs and business disruption associated with receiving an unsolicited fax have been deemed sufficient to establish a concrete injury post-*Spokeo. See Florence Endocrine Clinic*, 858 F.3d at 1366 (holding that "in the context of the [TCPA], the plaintiff suffers a concrete injury because the plaintiff's fax machine is occupied while the unsolicited fax is being sent and the plaintiff must shoulder the cost of printing the unsolicited fax."); *Mohamed v. Off Lease Only, Inc*., No. 15-23352-CIV, 2017 WL 1080342, at *3 (S.D. Fla. 2017) (finding allegations of intangible harms such as invasion of privacy, nuisance, and trespass sufficient to establish a concrete injury under the TCPA). Therefore, the Court finds that Plaintiff has alleged a concrete injury that is sufficient to establish standing.

### B. Class Allegations

Defendant also moves to dismiss Plaintiff's class claims. Upon review of the Complaint, the Court finds Plaintiff's class allegations to be sufficient to survive a motion to dismiss. The arguments raised by Defendant regarding the viability of Plaintiff's class allegations are more properly raised at the class certification stage. *See Mohamed,* 2017 WL 1080342, at *4 (finding Defendant's disputes concerning the putative class were best reserved for class certification proceedings).

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Class Action Complaint [ECF No. 10] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of August, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE